## STATE v. IVANHOE PRODUCTIONS, Inc.
No. MO73-777.

County Court, Orange County.

November 7, 1973.

A. Leo Jackson, Assistant State Attorney, for the state.

Edward J. Hanlon, Jr. of Hanlon & Lowe, Orlando, and Burton W. Sandler, Towson, Maryland, for the defendant.

W. ROGERS TURNER, Circuit Judge acting as County Judge.

*Order granting motion to dismiss, motion to suppress, and motion to return seized film:* This cause coming on for hearing and trial on November 5 and 6, 1973, and the defendant having reiterated its prior motion to dismiss, and asserting to the court a motion to suppress and requesting an order for return of an unlawfully seized film, and the court having heard extensive arguments of counsel for both the state and the defendant, and having reviewed each of the citations quoted by the adversaries, and being otherwise fully advised in the premises, finds as follows —

It is the court's view that §2 of Chapter 73-120 is violative of the provisions of Amendments IV, V and XIV to the United States Constitution, and of §§9 and 12, Article 1, Declaration of Rights of the Florida Constitution.

Further, the court determines that the compulsory production, pursuant to court order, of the film entitled "Deep Throat," and

the subsequent viewing of said film by the court, over the objection of the defendant, resulted in the defendant being immunized from further prosecution for the showing of said film by virtue of the provisions of §914.04, Florida Statutes.

Having determined that Chapter 73-120 is unconstitutional, the court need not rule on the question of whether said viewing established probable cause to believe that "Deep Throat" is obscene.

This court finds that under Heller v. New York, Case No. 71-1043, U. S. Supreme Court, decided June 25, 1973, no prior adversary hearing is necessary before seizure of a single copy of a motion picture film for the purposes of preserving the same as evidence in a criminal proceeding, but the court does find that §2 of Chapter 73-120 does not provide for, nor does that section allow evidence produced in court under a court order to be used as evidence against the party producing the same in a criminal proceeding because such action violates constitutional rights as stated herein.

The court further finds from the facts that the subpoena requiring production of the film prior to a viewing by the circuit court judge was in violation of the principles laid down in Heller v. New York, supra. And the court further finds that the procedure for the obtaining of a single film, or other similar evidence for purposes of criminal practice exists under the laws of this state under §933.14, Florida Statutes, and that those procedures were not, in fact, followed in this cause, and the legislature further recognized that such a procedure was available by the wording of the last sentence of §2 of Chapter 73-120; and the court further finds that there was not in this case a prior viewing by a judicial officer before the "seizure" by the court order and thus not in keeping with the mandates of Heller v. New York, supra.

For the foregoing reasons, it is ordered and adjudged that Chapter 73-120, Laws of Florida, is unconstitutional as applied to this defendant as denying to it due process of law as guaranteed to it by the Fourteenth Amendment to the Constitution of the United States and by §9, Article 1, Declaration of Rights of the Constitution of Florida.

And, alternatively, it is further ordered and adjudged that Chapter 73-120, Laws of Florida, is unconstitutional per se, that is, on its face, as being unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments to the Constitution of the United States, and in violation of §§4 and 9, Article 1, Declaration of Rights of the Constitution of Florida.

70

And, alternatively, it is further ordered and adjudged that the defendant has been immunized from further prosecution for the showing of the film entitled "Deep Throat", by virtue of the provisions of §914.04, Florida Statutes.

And, alternatively, it is further ordered and adjudged that §2 of Chapter 73-120, Laws of Florida, is unconstitutional as being in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of §§9 and 12, Article 1, Declaration of Rights of the Constitution of Florida.

It is further ordered and adjudged that the motion to dismiss and the motion to suppress are granted, and it is further ordered and adjudged that that certain copy of the motion picture film entitled "Deep Throat" now in the custody of the clerk of this court be forthwith returned to the defendant, Ivanhoe Productions, Inc., upon proper receipt to said clerk. This provision of this order is stayed for a period of 30 days from the date of its entry, or, in the event the state appeals, then until a final determination of the appeal in defendant's favor.